UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MYA B. COOK,

    Petitioner,

v.                                                      Case No. 4:21cv352-MW-HTC

STATE OF FLORIDA,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on notice from the clerk that Petitioner has not complied with the Court's October 5 order to show cause (ECF Doc. 4). That order required Petitioner to show cause why the matter should not be recommended for dismissal due to her failure to comply with the August 26, 2021 order to pay the filing fee or submit a motion to proceed *in forma pauperis* (ECF Doc. 3). Because Petitioner has not paid the fee, filed an *in forma pauperis motion*, or responded in any way since filing her petition on July 27, 2021 (ECF Doc. 1 at 9), the undersigned respectfully recommends that this case be dismissed for failure to prosecute and to comply with an order of the Court.

Petitioner, Mya B. Cook, filed a document challenging her pretrial detention in two Leon County circuit court cases, which the clerk docketed as a petition under

28 U.S.C. § 2254 but the Court recharacterized as a petition under § 2241. ECF Docs. 1 & 3. Cook's petition was not accompanied by a motion for leave to proceed *in forma pauperis* on the proper form or a filing fee pursuant to Rule 5.3 of the Local Rules of the Northern District of Florida, which requires that a party who files or removes a civil case must <u>simultaneously</u> either pay any fee required under 28 U.S.C. § 1914 or move for leave to proceed *in forma pauperis* under 28 U.S.C. § 1915. Petitioner was therefore instructed on August 26, 2021 to pay the fee or file a motion to establish her indigency within thirty (30) days. ECF Doc. 3. She was warned that her case could not proceed until such a motion was filed or the filing fee of $5.00 was paid. Petitioner did not pay the fee or submit the motion.

Therefore, on October 5, 2021, the Court ordered Petitioner to show cause, by October 19, 2021, why this case should not be recommended for dismissal. ECF Doc. 4. Petitioner did not respond, and, in fact, has not filed anything since filing the Petition on July 27, 2021. ECF Doc. 1 at 9.

A district court may dismiss a petitioner's claims *sua sponte* pursuant to either Federal Rule of Civil Procedure 41(b) or the court's inherent authority to manage its docket. *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962); *Coleman v. St. Lucie Cnty. Jail*, 433 F. App'x 716, 718 (11th Cir. 2011) (citing Fed. R. Civ. P. 41(b) and *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005)). In particular, Rule 41(b) allows for the involuntary dismissal of a petitioner's claims

where he has failed to prosecute those claims, comply with the Federal Rules of Civil Procedure or local rules, or follow a court order. Fed. R. Civ. P. 41(b); *see also Coleman*, 433 F. App'x at 718; *Sanders v. Barrett*, 2005 WL 2640979, at *1 (11th Cir. Oct. 17, 2005) (citing *Kilgo v. Ricks*, 983 F.2d 189, 192 (11th Cir. 1993)); Additionally, a district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Brown v. Tallahassee Police Dep't*, 205 F. App'x 802, 802 (11th Cir. 2006) (quoting *Jones v. Graham*, 709 F.2d 1457, 1458 (11th Cir. 1983)).

A "district court can only dismiss an action on its own motion as long as the procedure employed is fair." *Tazoe v. Airbus S.A.S.*, 631 F.3d 1321, 1336 (11th Cir. 2011) (quoting *Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir.2006)). To employ fair procedure, a district court must generally "provide the [litigant] with notice of its intent to dismiss or an opportunity to respond." *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir.2007). A magistrate judge's report and recommendation provides such notice and opportunity to respond. *See Shivers v. Int'l Bhd. of Elec. Workers Local Union 349*, 262 F. App'x 121, 125, 127 (11th Cir. 2008); *Anderson v. Dunbar Armored, Inc.*, 678 F. Supp. 2d 1280, 1296 (N.D. Ga. 2009) (noting that report and recommendation served as notice that claims would be *sua sponte* dismissed).

Petitioner has already been given a chance to show cause, and a magistrate judge's report and recommendation provides additional notice and opportunity to respond. Thus, this Report and Recommendation constitutes fair notice to Petitioner that her suit is due to be dismissed. As indicated below, Petitioner will have the opportunity to present her objections to this finding, and the presiding district judge will review *de novo* properly submitted objections. See 28 U.S.C. § 636(b)(1).

Accordingly, it is respectfully RECOMMENDED that:

1. This case be DISMISSED WITHOUT PREJUDICE for Petitioner's failure to prosecute and failure to comply with Court orders.

2. The clerk be directed to close the file.

At Pensacola, Florida, this 29th day of October, 2021.

/s/ *Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u>  An objecting party must serve a copy of its objections upon all other parties.  A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:21cv352-MW-HTC